1  MICHAEL N. FEUER, City Attorney
2  THOMAS H. PETERS, Chief Assistant City Attorney (SBN 163383)
   GABRIEL S. DERMER, Assistant City Attorney (SBN 229424)
3  **ARLENE N. HOANG, Deputy City Attorney (SBN 193395)**
4  200 North Main Street, 6th Floor
   Los Angeles, California 90012
5  Telephone: 213.978-7508
6  Facsimile: 213.978-7011
   Email: Arlene.Hoang@lacity.org
7

8  Attorneys for Defendant,
   CITY OF LOS ANGELES
9

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12                   **WESTERN DIVISION**

| | |
|---|---|
| 13  JESUS PIMENTEL, DAVID R. WELCH, JEFFREY O'CONNELL, EDWARD LEE, WENDY COOPER, JACKLYN BAIRD, ANTHONY RODRIGUEZ, RAFAEL BUELNA, ELEN KARAPETYAN, and all persons similarly situated,<br><br>Plaintiffs,<br>V.<br><br>CITY OF LOS ANGELES<br><br>Defendant. | CASE NO. 2:14-cv-01371-FMO (Ex)<br><br>**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT THE CITY OF LOS ANGELES' MOTION FOR SUMMARY JUDGMENT [Fed.R.Civ.P. 56]**<br><br>Date: June 1, 2017<br>Time: 10:00 a.m.<br>Courtroom: 6D<br>Hon. Fernando M. Olguin<br><br>Complaint Filed: February 24, 2014<br>Trial Date: None Set |

25       COMES NOW Defendant CITY OF LOS ANGELES (hereinafter the "City" or
26  "Defendant") with its Supplemental Memorandum of Points and Authorities in support
27  of its Motion for Summary Judgment, authorized by the Court's February 27, 2017
28  Order (Dkt No. 108).

DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT

1

# TABLE OF CONTENTS

2

3    SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES ................1

4        I.     INTRODUCTION ....................................................................1

5        II.    ARGUMENT .........................................................................2

6    A.  No Court in the United States Has Ruled that Parking Fines are

7        Unconstitutional, and this Court Should Not Do So Here. ..................2

8    B.  This Matter is Ripe for Summary Judgment. ...................................4

9    C.  None of Plaintiffs' Arguments Create a Trial Issue of Material Fact ...........5

10     1. Policy Considerations Belong in the First Instance to the Los Angeles City

11       Council. ...........................................................................5

12     2. Plaintiffs' Attempts to Require a Mathematical Ratio for the Fines Are Contrary

13       to Settled Precedent and Must be Rejected. ...................................6

14     3. Plaintiffs Reject All Justifications for the Parking Meter Penalties. ...................8

15       a. Providing Income to the City's General Fund Does Not Render the Parking

16       Meter Penalties Unconstitutional. ..........................................9

17     4. There is No Separate Eighth Amendment Analysis that Applies to Low Income

18       People. ...........................................................................9

19       III.   CONCLUSION ...................................................................10

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

Bell Atl. Corp. v. Twombly,
  550 U.S. 544 (2007) ..................................................................................2, 6

BMW of N. America v. Gore,
  517 U.S. 559 (1996) ........................................................................................7

Cain v. Bureau of Admin. Adjudication,
  2016 U.S. Dist. LEXIS 16968 (E.D. PA. 2016) .......................................1, 3

Morrow v. City of San Diego,
  2011 U.S. Dist. LEXIS 120419 (S.D. Cal. 2011) .........................................5

Popescu v. City of San Diego,
  2008 U.S. Dist. LEXIS 5712, 2008 WL 220281 (S.D. Cal. 2008)............. passim

U.S. v. Busher,
  817 F.2d 1409 (9th Cir. 1987)...................................................................1, 3, 7

United States v. 1,679 Firearms,
  659 Fed.Appx. 422 (9th Cir. 2016)...........................................................7, 8

United States v. 100,348.00 United States Currency,
  157 F.Supp.2d 1110 (C. D. Cal. 2001) .........................................................4

United States v. Bajakajian,
  524 U.S. 321 (1998) ....................................................................................5, 7

Wemhoff v. City of Baltimore,
  591 F.Supp.2d 804 (D.C. MD. 2008).......................................................1, 3

Yagman v. Garcetti,
  2017 U.S. App. LEXIS 1030, 2017 WL 242562 (9th Cir. 2017).............1, 3

**California Cases (Cont'd)**

City and County of San Francisco v. Sainez,
  77 Cal.App.4th 1302 (2000) ........................................................................10

TABLE OF AUTHORITIES

*Hale v. Morgan*,
    22 Cal.3d 388 (1978)..................................................................................6

*People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.*,
    37 Cal.4th 707 (2005) ..............................................................................10

**Federal Statutes**

RICO.............................................................................................................7

**California Statutes**

California *Civil Code*
    § 789.3 .....................................................................................................6

**Other Authorites**

Eighth Amendment............................................................................. *passim*

California Constitution..................................................................................4

Conversely, *every Court in the United States* ...........................................1

Fed.R.Civ.P. 2(b)(6) ...................................................................................1

*817 N.E. 9ᵗʰ Drive* ....................................................................................5

Order, Dkt. No. 43 .......................................................................................8

1

## SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.   INTRODUCTION

3    This case is ripe for summary judgment since the sole issue in dispute – whether

4  the City's parking meter penalties violate the Excessive Fines Clause of the federal and

5  state Constitutions – is a simple, straightforward question of law, which can only be

6  answered with a resounding "no."  While it is axiomatic that the burden is on Plaintiffs

7  to prove that the parking meter penalties are so "grossly disproportionate" to the

8  gravity of the offense that the fines are unconstitutional [*U.S. v. Busher*, 817 F.2d

9  1409, 1415 (9th Cir. 1987)], Plaintiffs have not met their burden.

10    · Plaintiffs do not cite a single case decision which invalidated a parking fine or

11  required a trial.  Conversely, *every Court in the United States* that addressed parking

12  citations has upheld their constitutionality via a dispositive motion:  *Popescu v. City of*

13  *San Diego*, 2008 U.S. Dist. LEXIS 5712 at *11, 2008 WL 220281 (S.D. Cal. 2008)

14  (Summary Judgment);  *Wemhoff v. City of Baltimore*, 591 F.Supp.2d 804, 809 (D.C.

15  MD. 2008) (Motion to Dismiss); *Cain v. Bureau of Admin. Adjudication,* 2016 U.S.

16  Dist. LEXIS 16968, *13 (E.D. PA. 2016) (Motion to Dismiss); and *Yagman v.*

17  *Garcetti*, 2017 U.S. App. LEXIS 1030, *11-12, 2017 WL 242562 (9th Cir. 2017)

18  (Motion to Dismiss).

19    · Plaintiffs do not cite a single case where the presumption of constitutionality

20  was overcome, or the broad discretion of the legislature was not deferred to,

21  concerning a maximum $175 fine.

22    · Plaintiffs do not cite a single decision where any legislative fine in the range of

23  $63 to $175 – or anything even remotely close – was found to be a violation of the

24  Eighth Amendment's Excessive Fines Clause.

25    Given these gaping holes in Plaintiffs' arguments, Plaintiffs absurdly contend that

26  they met their burden of proof because the Court denied the City's <u>Fed.R.Civ.P.</u>

27  12(b)(6) Motion to Dismiss.  (Joint Brief, Dkt. No. 122-3, at p. 21:23-26.)  A denial of

28  a Rule 12(b)(6) Motion does not establish a meritorious claim.  "[A] well-pleaded

DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT

1   complaint may proceed even if it strikes a savvy judge that actual proof of those facts

2   is improbable, and that a recovery is very remote and unlikely." *Bell Atl. Corp. v.*

3   *Twombly*, 550 U.S. 544, 556 (2007); internal citation omitted.

4       This case is long past a motion to dismiss.  Plaintiffs had every opportunity to

5   conduct their discovery and investigation in an attempt to meet their burden.  Now that

6   discovery has closed, Plaintiffs cannot establish that the City's parking meter fines

7   violate the United States or California Constitutions.  Even accepting as true Plaintiffs'

8   *arguments* (as no relevant material facts are disputed), Plaintiffs only present opinions

9   that the City's parking citations are "too high" and were arbitrarily enacted rather than

10  based on a bright-line mathematical ratio, which are notions the Courts have repeatedly

11  rejected.  There is no legal or factual basis for this Court to defy precedent, disregard

12  the strong presumption that the penalties are constitutional, refuse to defer to the broad

13  authority of the Los Angeles City Council, and *become the first Court in the nation* to

14  rule that (1) a parking meter penalty – which ranges from $63 to $175, inclusive of

15  fees – is so "grossly disproportionate" to the offense as to be unconstitutionally

16  excessive, or (2) that there is a triable issue of material fact as to this issue.  Plaintiffs'

17  claims for relief cannot succeed as a matter of law such that summary judgment in the

18  City's favor should be granted.

19          **II.    ARGUMENT**

20      **A.  No Court in the United States Has Ruled that Parking Fines are**

21          **Unconstitutional, and this Court Should Not Do So Here.**

22      As discussed, *every Court in the nation* that has addressed parking citation

23  penalties have rendered them constitutional, and has done so via a dispositive motion:

24              *Popescu v. City of San Diego, supra*, 2008 U.S. Dist. LEXIS 5712 at *11:

25  in ruling on a Motion for Summary Judgment, parking fines which ranged from $47 to

26  $104, and resulted in the plaintiff's inability to register his vehicle, were held

27  constitutional under the Eighth Amendment.  This was despite the Court's belief that

28  the initial penalty of $47 was "overly harsh" and was designed more to increase

1  revenue for the city rather than to deter behavior. *Id.*, at *12, fn. 2.

2      ·      *Wemhoff v. City of Baltimore, supra,* 591 F.Supp.2d at 809: the Court

3  determined on a Motion to Dismiss that a $519 parking citation (the amount ultimately

4  owed) – which is hundreds more than the City's maximum $175 penalty – was not a

5  grossly disproportionate fine, and did not violate the Excessive Fines Clause of the

6  United States or Maryland Constitutions.

7      ·      *Cain v. Bureau of Admin. Adjudication, supra,* 2016 U.S. Dist. LEXIS

8  16968 at *13: a $51 fine for parking in a no-parking zone was rendered constitutional

9  under the Eighth Amendment on a Motion to Dismiss.

10      ·      *Yagman v. Garcetti, supra,* 2017 U.S. App. LEXIS 1030 at *11-12:  the

11  Ninth Circuit affirmed a Motion to Dismiss ruling that the California Vehicle Code's

12  requirement to deposit a contested fine did not violate the Due Process Clause.

13      Accordingly, in each of the three Eighth Amendment decisions (*Popescu,*

14  *Wemhoff* and *Cain*), the question being addressed, and which was answered in the

15  negative, was precisely the same question that is posed in this action – whether the

16  subject parking fines are so grossly disproportionate to the offense as to be

17  unconstitutional.  Hence, contrary to Plaintiffs' unsuccessful attempts to minimize

18  these cases, the decisions are relevant and applicable.  The respective Courts *all*

19  determined via dispositive motions that the fines were constitutional under the Eighth

20  Amendment.  Certainly if $519 (*Wemhoff*), $104 (*Popescu)*, $51 (*Cain*) and $47

21  (*Popescu)* are not excessive, neither can be the City's parking fines.

22      In stark contrast to this germane authority, Plaintiffs did not present a single

23  decision from any Court in the country where either (a) a parking fine was found to

24  violate the Excessive Fines Clause, or (b) where there was a triable issue of material

25  fact to determine whether a parking fine – or any $175 maximum fine – was excessive.

26  Since Plaintiffs have the burden to prove that the City's parking meter fines are

27  unconstitutional *(U.S. v. Busher*, supra, 817 F.2d at 1415), presumably if such a

28

3
DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT

1   decision existed, Plaintiffs would have cited it. Plaintiffs therefore have no authority

2   for their claims, and cannot as a matter of law prevail on their claims for relief.

3   **B. This Matter is Ripe for Summary Judgment.**

4        There is no dispute that the City's parking meter penalty citations range from $63

5   to $175. (Defendant's Undisputed Material Fact ("UMF") D3- D9, inclusive; Los

6   Angeles Municipal Code ["LAMC"] §§89.60, 88.13(a), 88.13(b), 89.35.5(a),

7   89.35.5(b), and 89.35.5(c).)  There are no other relevant, admissible, material facts:

8   either the City's parking meter citation schedule is constitutional under the Excessive

9   Fines Clause of the Eighth Amendment and the analogous provision in the California

10  Constitution, or it is not.  This case is ripe for the Court's determination on this issue.

11       Plaintiffs' reliance on *United States v. 100,348.00 United States Currency*, 157

12  F.Supp.2d 1110 (C. D. Cal. 2001) *("$100,348")* to argue that a question of fact exists

13  is misplaced.  In *$100,348*, the federal government filed a civil forfeiture action for

14  currency that the defendant attempted to transport out of the country without reporting.

15  The defendant contended that currency belonged to a friend who allegedly obtained it

16  after selling a retail store, and that the money was being transported to give to the

17  friend's overseas relative.  *Id.*, at 1114.  The friend was first identified after the

18  discovery cut-off date.  *Id.*, at 1119.  Hence, no discovery was done vis a vis the

19  defendant's friend or the friend's acquisition and use of the currency.  The Court

20  denied summary judgment finding that there was a genuine issue of material fact as to

21  whether the currency was related to other illegal activities, and the Court re-opened

22  discovery as to the defendant's friend.  *Id.*, at 1119.

23       Here, in glaring contrast, no such triable issue of material fact exists.  Unlike

24  *$100,348*, no criminal activities are involved.  There is no dispute why the parking

25  citations are issued, nor is there a dispute concerning the penalty amounts.  Unlike the

26  civil forfeiture in $*100,348*, the City's parking meter fine is applied uniformly to all

27  individuals, rather than a specific civil forfeiture applicable to one offender for

28  currency that was potentially illegally obtained.  Given the multiple legal and factual

1  dissimilarities between the two cases, *$100,348* is not applicable, and should be

2  disregarded.  Conversely, the City's cited cases are pertinent and should govern.

3  ## C. <u>None of Plaintiffs' Arguments Create a Trial Issue of Material Fact.</u>

4  Although Plaintiffs assert various *arguments*, there are no relevant, material *facts*.

5  Plaintiffs fundamental arguments are: (i) the city's parking meter penalties are not

6  based on a mathematical ratio vis a vis the amount charged by the City to park at

7  meters and are arbitrary; (ii) the fines are primarily designed to provide income to the

8  City's general fund rather than to deter offenders or assist with parking availability;

9  (iii) the fines are more of a burden on low-income people; and (iv) Plaintiffs' failure to

10  sufficiently fund their parking meters was inadvertent.  Even accepting as true

11  Plaintiffs' arguments, they cannot result in a finding that the parking meter fines are

12  unconstitutionally excessive as a matter of law.  Plaintiffs' overarching theme is that

13  parking meter fines are disfavored, and such fines should not exist.  While it is

14  undeniable that nobody wants to get a parking ticket, and that a fine will be more of a

15  burden on certain individuals, this does not render the fines unconstitutional.

16  ### 1. <u>Policy Considerations Belong in the First Instance to the Los Angeles</u>

17  <u>City Council.</u>

18  The parking meter penalties are presumed to be constitutional.  *United States v.*

19  *817 N.E. 9ᵗʰ Drive*, 175 F.3d 1304, 1309 (11th Cir. 1999); *Morrow v. City of San*

20  *Diego*, 2011 U.S. Dist. LEXIS 120419 (S.D. Cal. 2011).   Additionally, this Court is

21  mandated by the Supreme Court to give great deference to the Los Angeles City

22  Council in enacting the penalty schedule.  *United States v. Bajakajian*, 524 U.S. 321,

23  336 (1998).  The Supreme Court has repeatedly declared that a legislative body, such

24  as the City Council, has extremely broad discretion in setting the range of permissible

25  fines.  *Id.*  Hence, this Court cannot substitute its own opinion for that of the City

26  Council unless Plaintiffs overcome the strong presumption of constitutionality and

27  prove that the fines are "grossly disproportionate" to the offense, which Plaintiffs did

28  not – and cannot – do.

DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT

1    Contrary to Plaintiffs' erroneous arguments (Joint Brief, Dkt. No. 112-3 at p.
2    25:24-2), the City is not suggesting that the parking meter penalties are immune from
3    this Court's review, nor does the Court's denial of the City's Motion to Dismiss
4    indicate that the Court rejects the deference it must give to the City Counsel.
5    (*Twombly*, *supra*, 550 U.S. at 556).  While the Court can independently review the
6    legislative fine, given the strong presumption of constitutionality and the Court's
7    mandate to defer to the City Council's extremely broad authority, there is no basis for
8    the Court to determine that the City's parking meter penalties are unconstitutional.
9        Plaintiffs' citation to *Hale v. Morgan*, 22 Cal.3d 388, 405 (1978) is unavailing.
10   *Hale* did not involve a parking fine, nor an Eighth Amendment excessive fines
11   challenge; it addressed California *Civil Code* § 789.3.  In *Hale*, the California
12   Supreme Court held that a statutory penalty of $100 per day, imposed for 173 days
13   which totaled $17,300 (a far cry from $175), on a landlord who willfully deprived a
14   tenant of utility services was excessive under the circumstances in that particular case.
15   Importantly, the California Supreme Court emphasized that the subject penalty was
16   excessive because it was cumulative.  *Id., at* 404.  The Court indicated that mandatory,
17   substantial, cumulative penalties are suspect.  *Id.,* at 401-403.  Here, however, it is
18   undisputed that the subject parking meter fines are capped (at $175) and are not
19   cumulative.  (UMF D10- D11.)  Further, $175 is about 99% less than the penalty
20   amount in *Hale*.  Thus, the core factors that concerned the Court in *Hale* – and the
21   reason that the authority of the legislature was not deferred to in that case– do not exist
22   here.  Plaintiffs have failed to provide any authority for this Court to circumvent well
23   settled Supreme Court precedent, and to disregard the policy decisions implemented by
24   the Los Angeles City Council as well as the strong presumption of constitutionality.
25       **2.  Plaintiffs' Attempts to Require a Mathematical Ratio for the Fines Are**
26           **Contrary to Settled Precedent and Must be Rejected.**
27       Plaintiffs' arguments that the Court needs to analyze the ratio of the penalty to
28   the amount of money that was not put in the meter lacks merit, and is not supported.

6

DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT

1   Indeed, the cases cited by Plaintiffs provide the opposite:

2          · *U.S. v. Busher, supra,* 817 F.2d at 1416:  in reviewing the constitutionality of a

3   RICO forfeiture, the Ninth Circuit emphasized that the Eighth Amendment does not

4   provide a bright line separating punishment that is permissible from that which is not.

5          · *United States v. 1,679 Firearms*, 659 Fed.Appx. 422, 426 (9th Cir. 2016)

6   ("*1,679 Firearms*"):  The Ninth Circuit underscored its repeated admonishment that a

7   Court cannot mechanically apply a rigid set of factors in determining whether a

8   forfeiture is excessive.

9          · *BMW of N. America v. Gore,* 517 U.S. 559, 582-583 (1996):  in reviewing the

10  excessiveness of a $2 million punitive damages award, the Supreme Court stressed that

11  it has consistently rejected a mathematical formula between the constitutionally

12  acceptable and constitutionally unacceptable.

13         · *Bajakajian, supra*, 524 U.S. at 336:  the Supreme Court cautioned that any

14  judicial determinations concerning punishments will be "inherently imprecise" and that

15  strict proportionality should not be imposed.

16         Hence, Plaintiffs' arguments that the Court should consider a mathematical ratio

17  expressly violate well-established Supreme Court tenets.  This is not a situation where

18  the penalty is so high that it raises eyebrows, such as what occurred in *Gore* (punitive

19  damage award of $2 million following compensatory damages of $4,000 was held

20  excessive).  "… [T]he forfeiture is not rendered unconstitutional because it exceeds the

21  harm to the victims or the benefit to the defendant."   *U.S. v. Busher, supra*, 817 F.2d

22  at 1415.  Whether the amount charged at the City's parking meters should be

23  increased, or fines lowered by a token amount, or parking services funded through

24  taxes and meter user fees –arguments that Plaintiffs advocate – are legislative policy

25  questions.  While the parties can engage in an interesting academic exercise as to their

26  respective opinions concerning the most appropriate policies to implement, such policy

27  discussions have nothing to do with the Eighth Amendment and have no relevance to

28  the issues in dispute in this case.  Rather, if the current policies are disliked, the

DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT

1  appropriate response is for voters to exercise their rights at the polls.

2  ### 3. **Plaintiffs Reject All Justifications for the Parking Meter Penalties.**

3  Astonishingly, Plaintiffs reject the City's rational justifications for parking meter

4  fines.  Plaintiffs apparently argue that there is no valid basis to have such fines.

5  Plaintiffs' arguments are absurd and belie clear legislative policy and case authorities.

6  *Deterrence:*  To be a deterrent, the fine must "sting."  *1,679 Firearms, supra,* 659

7  Fed.Appx. at 426.  Thus, the fines are set at a level to have a deterrent effect.  Since

8  Plaintiffs admit that only 15% of the fines are issued to repeat offenders (Joint Brief,

9  Dkt No. 112-1 at p. 7:17), the citations must have a deterrent effect because the other

10  85% of cited drivers presumably want to avoid getting another fine.  Plaintiffs'

11  additional argument that there is no deterrence because the meters do not state the

12  amount of the penalty lacks merit for multiple reasons:  there is no Due Process

13  violation (9/29/15 Order, Dkt. No. 43, at pp. 12-13), the City's fine schedule is public

14  information (in the LAMC), and drivers understand that a fine is possible if they do not

15  sufficiently fund their meters.  Furthermore, in *Popescu, supra*, 2008 U.S. Dist. LEXIS

16  5712 at *12, fn. 2, although the Court opined that the parking fine was more designed

17  to increase revenue than to deter, the fine was still constitutional.

18  *Parking Spot Turnover and Traffic Flow/ Deprivation of the Public Fisc*:

19  Contrary to Plaintiffs' wrongful characterization, the "harm" to the public is not

20  limited to the additional quarter or dollar that the individuals failed to put in their

21  meters.  In addition to depriving the public fisc of money, which Plaintiffs admit funds

22  essential services (UMF D18- D19), the violators also abused their parking privileges

23  and monopolized parking spots.  If a parking spot fails to become available, logically

24  businesses will suffer, traffic flow will be deterred, and the community will be harmed.

25  *Inadvertence:*  The City does not dispute that inadequate funding of a parking

26  meter may be accidental in many incidents.  Regardless, a parking meter violator's

27  motive is irrelevant to an Eighth Amendment analysis concerning uniform parking

28  fines.  Plaintiffs' citation to forfeiture cases is misplaced.  Unlike forfeiture actions

DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT

1    where a single offender's motives may be relevant because criminal activities are
2    potentially involved, there is no criminal activity here, nor is there any way to
3    determine the motive of each person who gets a parking fine. Again, Plaintiffs have
4    not cited any decision where motive was relevant to whether uniformly applied
5    parking fines are excessive. Even if unintentional, there is no dispute that Plaintiffs'
6    citations were valid, thereby warranting a parking meter penalty.

7         a.  **Providing Income to the City's General Fund Does Not Render the**
8             **Parking Meter Penalties Unconstitutional.**

9         Plaintiffs argue that the parking meter penalties were arbitrarily enacted in order
10   to increase revenue for the City's General Fund. Even assuming *arguendo* for
11   purposes of this Motion only that the majority of the revenue collected adds income to
12   the City's General Fund, this does not render the penalties unconstitutional. The
13   Southern District of California expressly rejected this exact argument in *Popescu,*
14   *supra*, 2008 U.S. Dist. LEXIS 5712 at *12, fn. 2. Although Plaintiffs unsuccessfully
15   attempt to "down play" the *Popescu* decision, Plaintiffs yet again fail to cite a single
16   case decision where generating income from parking fine revenue invalidates the
17   *constitutionality* of parking meter penalties. The revenue's use is a policy
18   consideration that is best left to the Los Angeles City Council's discretion. Since $63
19   to $175 cannot by definition be so "grossly disproportionate" to be unconstitutional,
20   regardless of the purpose for, or use of, parking fines, they are valid as a matter of law.

21        4.  **There is No Separate Eighth Amendment Analysis that Applies to Low**
22            **Income People.**

23        The City does not dispute that Los Angeles has low-income residents, and that
24   *any* fine will be more of a financial burden on some people versus others. However,
25   there is no separate Eighth Amendment analysis for low-income residents; the
26   Amendment and the fine apply to all individuals uniformly. While Plaintiffs contend
27   that the Court is to take into account the financial situation of the offenders, Plaintiffs
28   fail to state how this can possibly be done, nor any authority for it. In those cases

DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT

1  where a party's finances were examined in the context of a forfeiture or punitive

2  damage award (not a fine), the decisions all involved a single offender. (*People ex rel.*

3  *Lockyer v. R.J. Reynolds Tobacco Co.*, 37 Cal.4th 707, 728 (2005); *City and County of*

4  *San Francisco v. Sainez*, 77 Cal.App.4th 1302, 1322 (2000).  Unlike uniformly

5  imposed fines, a single offender's finances can be established and examined.  Given all

6  the other expenses involved in owning and operating a vehicle, a maximum $175 fine

7  does not affect an individual's "livelihood" as demonstrated by the undisputed

8  hundreds of thousands of people who have paid parking fines over the years.  (UMF

9  D20.)  Plaintiffs' arguments are irrelevant and immaterial to the issues in dispute.

10  ### III.   CONCLUSION

11  Based on the foregoing, and the arguments presented by the City in the parties'

12  Joint Brief, the City's Motion for Summary Judgment should be granted.  Now that

13  Plaintiffs had the opportunity to conduct their discovery and investigation, this matter

14  is ripe for summary judgment.  The issue in dispute is a legal question for the Court's

15  determination – whether the City's parking meter citation schedule is excessive –and it

16  should be answered in the negative.  While Plaintiffs make arguments, strikingly

17  absent are any relevant material facts in dispute or any case decisions that support

18  Plaintiffs' contentions.  Plaintiffs have not, and cannot, demonstrate that their claims

19  for relief can succeed as a matter of law thereby mandating that summary judgment be

20  entered in favor of the City as to Plaintiffs' Second Amended Complaint.

21  DATED:     May 18, 2017          MICHAEL N. FEUER, City Attorney
22                                   THOMAS H. PETERS, Chief Assistant City Attorney
23                                   GABRIEL S. DERMER, Assistant City Attorney
                                     **ARLENE N. HOANG, Deputy City Attorney**
24

25
                                 By:          /s/ *Arlene N. Hoang*
26                                            Arlene N. Hoang
27                                            Deputy City Attorney
                                 Attorneys for Defendant CITY OF LOS ANGELES
28

10
DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT